## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

NO. 5:13-HC-2007-BO

| | | |
|---|---|---|
| TIBAL CLARKE, | ) | |
| | Petitioner, | ) |
| | | ) |
| v. | | ) ORDER |
| | | ) |
| GERRI LEVISTER, | | ) |
| | Respondent. | ) |

On January 11, 2013, Tibal Clarke petitioned this court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Pet., D.E.1. Now before the court is respondent's motion to

dismiss. Mot. to Dismiss, D.E. 10. Petitioner was given notice of the motion, and on July 21,

2014, he responded. Response, D.E. 16. In this posture, the matter is ripe for determination.

## DISCUSSION

## I. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief

may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it

does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican

Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R.

Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the

moving party to demonstrate that there is no set of facts which would entitle the non-moving

party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Rather, an adequately

stated claim must be supported by showing any set of facts consistent with the allegations in the

complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint

that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.. In addition to the complaint, the court may consider documents integral to and explicitly relied on in the complaint if the plaintiff does not challenge their authenticity. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir.2004). The court may also take judicial notice of matters of public record. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

II.     Background

On April 25, 2001, in the District of South Carolina, petitioner pleaded guilty to conspiracy to possess with the intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States v. Clark, No. 4:01-CR-56-CWH-2, D.E. 29, 57 (D.S.C. April 25, 2001). On November 20, 2001, that court sentenced petitioner as a career offender to 262 months' imprisonment, and five years' supervised release. Id., D.E. 33, 57, 106 at 1. On December 4, 2001, judgment was entered. Id., D.E. 35. Petitioner timely appealed his judgment to the Fourth Circuit Court of Appeals. Id., D.E. 36. Specifically, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), "stating that there was no error, but raising two issues: (1) whether the Rule 11 hearing was adequate; and (2) whether the district court erred in sentencing the defendant as a career offender based on two prior convictions that occurred on separate occasions in May and December 1990." Id., D.E. 106 at 1. Petitioner filed a pro se brief

2

challenging his classification as a career offender because "one of the predicate convictions did not exist." Id., D.E. 106 at 1. On December 13, 2002, the Fourth Circuit affirmed petitioner's conviction and sentence. Id., D.E. 45, 106 at 1.

On March 10, 2004, petitioner filed his first 28 U.S.C. § 2255 motion to vacate his conviction and sentence alleging 13 claims of ineffective assistance of counsel. Id., D.E. 106 at 2. The district court dismissed petitioner's § 2255 motion on the merits. Id., D.E. 106 at 2. The Fourth Circuit affirmed the dismissal. Id., D.E.106 at 2.

On December 23, 2008, petitioner filed a motion to amend or correct his pre-sentence report asserting that his career offender enhancement should be vacated because it was based on a conviction that did not exist. Id., D.E. 49. On July 12, 2012, the district court construed petitioner's motion to amend or correct his pre-sentence report as an impermissibly successive § 2255 motion seeking to attack his conviction or sentence and appropriately dismissed it. Id., D.E. 96.

On January 4, 2010, petitioner filed a motion for "Rule 60(b) or in the alternative for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C.§ 3582." Id., D.E. 70. Within the motion he argued that under United States v. Montanez, 442 F.3d 485 (6th Cir. 2006), the district court improperly counted his 1991 conviction under Ohio Revised Code § 2925.03 as a predicate offense for purposes of his career offender enhancement. Id., D.E. 70 at 3, 106 at 2-3. On July 12, 2012, the district court denied the motion on the grounds that the defendant was a career offender. Id., D.E. 97.

On July 27, 2012, petitioner filed a Rule 59(e) motion to reconsider the district court's July 12, 2012, order, again relying on Montanez. Id., D.E. 99, 106 at 3. On December 21, 2012,

3

the district court construed petitioner's motion for reconsideration as an impermissibly successive § 2255 motion challenging his underlying conviction or sentence and appropriately dismissed it for lack of jurisdiction. Id. D.E. 106 at 3-4.

On January 11, 2013, petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.

III. Issues

Petitioner asserts that, in light of Montanez, the district court improperly counted his 1991 conviction under Ohio Revised Code § 2925.03 as a predicate offense for purposes of his career offender enhancement. Pet., D.E.1.

IV. Analysis

Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective when three conditions are met:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a section 2255 motion." Vial, 115 F.3d at 1194 n.5; see United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999). Here, petitioner is procedurally barred from filing a section 2255 motion because he already filed one such motion and has not received authorization from the Fourth Circuit to file

4

Case 5:13-hc-02007-BO   Document 17   Filed 11/03/14   Page 4 of 5

another. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003); Pratt v. United States, 129 F.3d 54, 61 (1st Cir. 1997).

Additionally, this court cannot convert this section 2241 petition into a section 2255 motion because of the previously filed motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for South Carolina. Petitioner has also filed two additional motions construed by the court as impermissibly filed section 2255 motions, given a person cannot bring a successive section 2255 motion absent authorization by the appropriate court of appeals. See, e.g., 28 U.S.C. § 2255(h); Winestock, 340 F.3d at 204–05; Pratt, 129 F.3d at 61. The Fourth Circuit has not authorized petitioner to bring another § 2255.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Respondent's Motion to Dismiss [D.E.10] is GRANTED, and the Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the _2_ day of ~~October~~ November 2014.

TERRENCE W. BOYLE
United States District Judge

5